# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

**DONALD A. DIXON, DC #038320**

    Petitioner,

vs.                                       **CASE NO. 5:10-cv-56/RS-AK**

**WALTER MCNEIL,**

    Respondent.

_____/

## ORDER

Before me are Petitioner's 28 U.S.C. § 2254 petition (Doc. 1) and Florida Parole Commission's ("The Commission") Motion to Intervene and Answer (Doc. 13).

Petitioner, a parole-eligible inmate servicing a Life sentence for murder, was released on parole with supervision for life in September 2003. In May 2005, Petitioner admitted to alcohol usage and was charged with violating the conditions under which his parole was granted. In November 2005, Petitioner was afforded a final parole revocation hearing and was found guilty. In December 2005, the Florida Parole Commission revoked Petitioner's parole. Following a procedural error and pursuant to court order, the Florida Parole Commission conducted a de novo violation hearing and again found Petitioner guilty of violating the conditions of his parole. An amended revocation order was issued in August 2008 (Doc. 13, p. 4-6).

Before this court may take up the matter, the applicant for a writ of habeas corpus must have "exhausted the remedies available in the courts of the state." 28 U.S.C. § 2254

(b)(1)(A). "When a federal habeas petition raises a claim that has not been exhausted in state proceedings, the district court ordinarily must either dismiss the petition . . . or grant a stay and abeyance to allow the petitioner to exhaust the unexhausted claim." *Ogle v. Johnson*, 488 F. 3d 1364, 1370 (11th Cir. 2007) (citation omitted). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the state . . . if he has the right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254 (c).

In Florida, final actions of the Parole Commission may be appealed by filing a petition for writ of habeas corpus or mandamus in the Florida circuit courts. Fla. R. App. P. 9.030 (c). *See also Richardson v. Fla. Parole Comm'n*, 924 So. 2d 908, 910 (Fla. Dist. Ct. App. 1st Dist. 2006) ("Review of the [Parole] Commission's orders remains available by petitions for habeas corpus or mandamus filed in the circuit court."). The denial of the writ of habeas corpus may then be reviewed by filing a writ of certiorari with a Florida district court of appeals within thirty days. Fla. R. App. P. 9.030(b)(2); *Id*. at 9.100(c)(1). *See also Richardson*, 924 So. 2d at 910. ("Review of a circuit court's ruling in [reviewing Parole Commission's orders] may be sought by a petition for writ of certiorari in the district court of appeal.").

Here, petitioner appealed the decision of the Commission by filing writs of habeas corpus with the Circuit Court of the Fourteenth Judicial Circuit in March 2007 and October 2008. The circuit court denied the petitions in December 2008. (Doc. 13, Attach. 2, Exbts. I-J). Petitioner filed a petition for stay pending review with the Florida District Court of Appeal for the First District in December 2007. This petition was

denied in January 2008 (Doc. 13, Attach. 2, Exbt. I).  Petitioner, however, did not file a petition for certiorari with the District Court of Appeal.  Therefore, Petitioner has not exhausted his state remedies, and this court cannot hear his claim.

**IT IS ORDERED**

    **1.**  The Commission's Motion to Intervene is **GRANTED.**

    **2.**  Petitioner's 28 U.S.C. § 2254 petition (Doc. 1) is **DENIED without prejudice**.

**ORDERED** on August 18, 2010

                                    /S/ Richard Smoak
                                    **RICHARD SMOAK**
                                    **UNITED STATES DISTRICT JUDGE**